Stephens  v.  Anderson—Syllabus..

ANNIE STEPHENS, *Plaintiff in Error*, v. A. J. ANDERSON, AS CAPTAIN OF POLICE DEPARTMENT OF PENSACOLA, *Defendant in Errir*.

This court does not take judicial notice of city ordinances, and where the ordinance attacked is not before the court, its validity will not be inquired into.

Judgment affirmed.

*John P. Stokes,* for Plaintiff in Error;

*John B. Jones,* for Defendant in Error.

ELLIS, J.—Annie Stephens, mother of Tessie Stephens, applied to the Judge of the Court of Record of Escambia County for a writ of *habeas corpus* in behalf of her daughter, who was in custody of A. J. Anderson as Captain of the Police Department of Pensacola. The petition alleges that Tessie who is fourteen years of age was arrested Saturday night, February 9, 1918, by an officer of the city police and brought before the Recorder of the city upon the charge of violating Section 373 of the City Code, by "Loitering in violation of the ordinances of said city." That she was found guilty as charged, and sentenced to pay a fine and costs and to remain in the custody of A. J. Anderson as Captain of the Police Department of the city until the fine and costs were paid. The writ was issued and Anderson made return that the girl was held in his custody by virtue of an order for her commitment made by the Recorder of the Police Court of the city in default of the payment of a fine imposed by judgment and sentence of the court, wherein she was tried and convicted upon

adffidavit and warrant sentenced to pay a fine and in default of the payment thereof to be imprisoned in the city jail. Copies of the affidavit and warrant are attached to the return. The affidavit, omitting the venue, is as follows:

"Personally appeared before me Officer Williams, who, being duly sworn, deposeth and saith that Tessie Stephens on the ninth day of February, 1918, in the State and county aforesaid, and within the corporate limits of the City of Pensacola did violate the Ordinances of said City, to-wit: By violating Section 373 City Code, to-wit: Loitering in violation of the Ordinances of said City, in such case made and provided."

The petitioner moved to quash the return and discharge Tessie upon the ground that the ordinance under which the respondent seeks to detain Tessie in his custody is void as being in conflict with the Constitutions of the United States and the State of Florida. The motion to quash was overruled and the girl was remanded to the custody of the Captain of the Police Department of the city.

To this judgment a writ of error was allowed by the court and taken by Annie Stephens.

Neither a copy of the ordinance of the city which the girl was convicted of violating, nor that referred to in the motion to quash as the one "under which the respondent seeks to detain" her is contained in the record.

This court does not take judiical notice of city ordinances. It cannot therefore determine affirmatively that error has been committed by the Court of Record, and the judgment must be affirmed. Ferlita v. Jones, Chief of Police, 50 Fla. 218, 39 South. Rep. 593; Freeman v. State, 19 Fla. 552; State ex rel. Donnelly v. Teasdale, 21 Fla. 652.

The judgment is affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.