STATE OF FLORIDA ex rel. DAVE ALPER v. C. W. TOMLINSON, as City Clerk and License Collector for the City of Miami Beach, Florida, and CITY OF MIAMI BEACH.

26 So. (2nd) 338     January Term, 1946
May 28, 1946     En Banc
Rehearing denied June 14, 1946

472

*Abe Arnovitz, Jerome H. Weinkle* and *N. J. Durant,* for appellant.

*Ben Shepard,* for appellees.

TERRELL, J.:

Appellant applied to appellees for a license to operate a liquor store on 41st Street in the City of Miami Beach. His application being denied, he thereupon procured an alternative writ of mandamus requiring appellees to issue the license to show cause why they refused to do so. The trial court granted a motion to quash the alternative writ and entered judgment for respondent. This appeal was prosecuted.

The parties are at variance as to the question presented. We state it as follows: Must an ordinance regulating the number of liquor stores that may be licensed in the City of Miami Beach be enacted with notice and opportunity to be heard, as required by Section 176.05, Florida Statutes 1941?

Appellant contends that this question should be answered in the affirmative, but he does not bring up a copy of the ordinance, and, so far as the record discloses, it may have been enacted with all the formality of notice and advertisement required by Chapter 19536, Acts of 1939 (Chapter 176, Florida Statutes 1941), and Chapter 9837, Acts of 1923, that he contends for.

The question was also raised as to whether or not mandamus was the proper remedy in a case of this kind. The remedy by mandamus is not static. Undoubtedly, complexes may arise now to actuate it that were not thought of in a more primitive society. From what has been said, it is clear that relator has not shown a clear legal right to performance

of the act he seeks to have coerced. State v. Gray, 92 Fla. 1123, 111 So. 242.

Affirmed.

CHAPMAN, C. J., BUFORD, THOMAS, ADAMS and SEBRING, JJ., concur.

BROWN, J., not participating.