STATE OF FLORIDA, ex rel., F. W. KAY, v. CITY OF MIAMI, a municipal corporation, etc., and GEORGE N. SHAW, as Director of Finance of the City of Miami, Florida.

27 So. (2nd) 413            June Term, 1946
October 11, 1946          Division A
Rehearing denied October 25, 1946

*William L. Pallot, G. A. Worley* and *Jack Kehoe,* for appellant.

*J. W. Watson, Jr.,* and *Franklin Parson,* for appellees.

BUFORD, J.:

Appeal is from order and judgment granting motion to quash and dismissing alternative writ of mandamus.

The appellant sought to have a license authorizing him to engage in the business of a liquor dealer, selling at retail in package only and not to be consumed on the premises, at No. 16 Northwest 17th Avenue in Miami, Florida, so transferred as to permit him to conduct such business at a new location, viz: No. 1667-69 West Flagler Street.

It is alleged that the City refused to issue the permit for transfer upon the ground that Ordinance No. 2896 of the City of Miami did prohibit the issuance to the Relator of a

license because the location to which Relator wishes to transfer his business is less than 2500 feet from an existing licensee.

Appellant contends that the Ordinance No. 2896 has no application to one in his status.

The Circuit Court held contrary to appellant's contention and made its order accordingly. Appellant appealed.

The ordinance which appellant attacks as not being applicable to appellant's status is not made a part of the record and is not before us for construction. We cannot take judicial cognizance of a municipal ordinance. See Stephens v. Anderson, 75 Fla. 575, 79 So. 205 and cases there cited.

Therefore, the judgment of the Circuit Court must be affirmed. See Alper v. Tomlinson, 157 Fla. 471, 26 So. (2nd) 338.

Without the ordinance being pleaded in the court below no clear legal right to the relief prayed could be shown, and showing of clear legal right to the relief is essential to entitle one to prevail in mandamus. See State ex rel. Palmer v. Gray, 92 Fla. 1123, 111 So. 242; City of Bradenton v. Perry, 118 Fla. 838, 160 So. 506; Norris et al. v. Chancey et al., 129 Fla. 194, 176 So. 78.

So the order appealed from must be affirmed and it is so ordered.

Affirmed.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.