107 So.2d 369 (1958)
Gordon D. CONRAD, and the City of Pensacola, a Municipal Corporation, Appellants,
v.
Terry Joe JACKSON and Alma Alyne Jackson, husband and wife, Appellees.
Supreme Court of Florida.
December 3, 1958.
Rehearing Denied January 8, 1959.
Robinson & Roark, Pensacola, for appellants.
Coe & Coe, Pensacola, for appellees.
*370 THORNAL, Justice.
Appellants Conrad and City of Pensacola, who were defendants below, seek reversal of a final decree directing the removal of a partially constructed building allegedly erected in violation of a municipal zoning ordinance.
We are called upon to determine whether the construction of the building violated the ordinance and, if so, whether the plaintiffs below failed to pursue available administrative remedies prior to filing suit.
The final decree was entered April 17, 1956. The notice of appeal was filed June 8, 1956. The cause was pending in this court on July 1, 1957, when Amended Article V, Florida Constitution, F.S.A., became effective. Numerous extensions for filing the record were granted below. We have retained jurisdiction in accord with the provisions of Article V, Section 26(6), Florida Constitution.
Appellant Conrad owns a home situated on a corner lot in Pensacola. His house faces west. Therefore, his front lot line is his west lot line. Appellees Jackson own a home immediately to the east of the Conrad property. The front of their house faces north. Consequently, the back lot line or east line of the Conrad property constitutes the side lot line or west line of the Jackson property. At the time of the adoption of the Pensacola zoning ordinance in 1947 there were attached to the rear of the Conrad dwelling a porch and carport. In 1955 the porch and carport had deteriorated to the extent that Conrad desired to demolish it and replace it with a two-car garage or carport. After various negotiations with the City Building Inspector, but without benefit of a building permit, Conrad undertook to construct a garage which extended across the rear of his dwelling house. The east side of the garage, which had been constructed when the suit started, consisted of a solid masonry wall some 16 feet high running the entire width of the rear lot line of the Conrad property. This wall was located less than 1 foot west of the west line of the Jackson property and was within 5 feet of the west side of the Jackson home. Apparently this wall was a requirement of the City Building Department. On the west side of the Jackson dwelling were located a bedroom and bath.
After the construction of the Conrad garage had been under way about a week, the Jacksons instituted this suit in equity. They claimed that the building was constructed in violation of the municipal zonin ordinance, and that the structure in and of itself constituted a nuisance. They alleged special damages to themselves in that the 16-foot masonry wall blocked the entire west side of their house, thereby greatly reducing the circulation of air and completely excluding the sunlight. The Chancellor, after hearing the evidence, concluded that the Conrad garage had been constructed in violation of the zoning ordinance and also that it constituted a nuisance. He directed its elimination. Under the circumstances he authorized the appellant Conrad to construct a structure which would not occupy more of the rear yard of his property than did the original porch and carport. Objecting to this decree Conrad and the City have appealed.
It is the contention of the appellants that the Chancellor erroneously construed the zoning ordinance; that the appellees, who were plaintiffs below, failed to exhaust available administrative remedies before instituting suit, and, that by permitting the appellant Conrad to proceed with the construction for a period of one week before filing suit, the appellees were estopped to obtain relief.
To support the decree, the appellees contend that the building was constructed in direct violation of the zoning ordinance; that independently of the ordinance, it constitutes a nuisance which should be abated and further that the ordinance did not provide any administrative proceeding which they could have pursued preliminary to instituting suit.
*371 We mention at the outset that in order to obtain relief against a violation of an ordinance of this nature, a property owner must demonstrate that he suffers peculiar injury and damage different in kind from that suffered by the community at large, as distinguished from a mere difference in degree of injury. Boucher v. Novotny, Fla. 1958, 102 So.2d 132. On this point we think the appellees by their complaint and supporting evidence have brought themselves within the rule of Fortunato v. City of Coral Gables, Fla. 1950, 47 So.2d 321. They have alleged and proved that the construction of the 16-foot wall impedes the circulation of air on the west side of their property. For all practical purposes it absolutely excludes the sunlight. Here the injury suffered is certainly different in kind from that which would be suffered by the remainder of the community. For an illustrative distinction in the application of the rule see Boucher v. Novotny, supra.
It is necessary that we point up a deficiency in the proofs with reference to the zoning ordinance. Nowhere in the record do we find that the municipal zoning ordinance was ever placed in evidence. The parties refer to it and liberally quote from it in their briefs. In other respects, save for the opinion of the Chancellor, this court is completely in the dark as to the content of the ordinance. It simply does not appear in the record. The established rule is that courts cannot take judicial cognizance of municipal ordinances. We consequently cannot inquire into the provisions of an ordinance which is not before us. Stephens v. Anderson, 75 Fla. 575, 79 So. 205; State ex rel. Kay v. City of Miami, 158 Fla. 26, 27 So.2d 413. An opinion of the Chancellor supporting the decree includes several verbatim quotations from the zoning ordinance. Inasmuch as neither of the parties disputes the accuracy of these particular quotations, we accord to them the presumption of correctness that accompanies the Chancellor's decree. It is there shown that in one section of the ordinance there is a provision which reads:
"There shall be a rear yard not less than thirty feet in depth in the R1-AA district * * *"
The property of Conrad and the Jacksons is in the R1-AA district. The decree also quotes a provision of the ordinance defining a "yard" as:
"An open space on the same lot with a building, unoccupied and unobstructed from the ground upward, except by trees or shrubbery and as otherwise provided herein."
It appears to be the position of appellants that the City Attorney had over the years construed the zoning ordinance to mean that so-called "accessory buildings" would not be considered as an encroachment on the rear yard requirements. They say that they proceeded on the basis of this interpretation. The record itself does not reflect any provision of the ordinance which makes an exception for so-called "accessory buildings" in the requirement that the rear yard be open for a distance of thirty feet from the rear of the house. It appears to us that any such building constructed under the circumstances summarized would constitute a violation of the zoning ordinance absent the proper granting of a variance because of hardship, which is not here present. Josephson v. Autrey, Fla. 1957, 96 So.2d 784. We, therefore, hold that the Chancellor properly construed the ordinance in his conclusion that the construction of the garage constituted a violation.
On the very day that the complaint was filed, some seven days after the building was started, appellant Conrad obtained from the Building Inspector a building permit to do the job. This produces the conclusion that construction was undertaken without benefit of permit. This fact has some bearing on the contention of the appellants that the appellees had failed to exhaust alleged available administrative *372 remedies prior to instituting suit. Appellants claim that the appellees should have appeared before the municipal Board of Adjustment or Board of Zoning Appeals for administrative relief before proceeding in equity. The available administrative remedies would have to appear from the zoning ordinance itself. We must recall that this ordinance is not in the record. Although a section of it is quoted in one of the briefs, we are not justified in reading into the record a factual detail which is not present. If, however, we were in a position to rely on the section quoted in the appellees' brief, (which incidentally is not disputed by appellants) we would have to conclude that the ordinance did not provide any available administrative remedy that would have given relief to the appellees under the circumstances here present.
The appellants refer us to the provisions of various sections of Chapter 176, Florida Statutes, F.S.A., which is the governing authority pursuant to which the City of Pensacola exercises zoning powers. The effectiveness of the cited statutory provision, however, depends upon its implementation by a duly enacted ordinance. It is the municipal ordinance adopted pursuant to the statutory authority which controls the rights of these parties-litigant. There being no showing in the record that any administrative remedy was available to the appellees, it is impossible for us to determine whether they have failed to seek administrative relief as a condition precedent to instituting the litigation. Miami Shores Village v. Bessemer Properties, Inc., Fla. 1951, 54 So.2d 108. Absent a showing of error the Chancellor's decree is presumed to be correct.
As pointed out in the forepart of this opinion, there appears to be no doubt that the appellees Jackson have suffered a special injury peculiar to themselves as distinguished from the injury suffered by the community as a whole. The Chancellor personally heard the testimony and had an opportunity to evaluate the evidence as well as the credibility of the various witnesses. The record of the evidence adequately supports his conclusions of fact and we find no error in his conclusions on the law.
The decree is 
Affirmed.
TERRELL, C.J., and THOMAS, HOBSON and DREW, JJ., concur.