HORTON, Chief Judge.
The plaintiffs in an action to enjoin certain alleged violations of municipal zoning regulations appealed from an order dismissing their complaint and granting leave to amend.
The principal point for decision here is whether the bill of complaint stated a cause of action. Collateral to this main issue, but dispositive of the question is whether the complaint sufficiently alleged injury and damage peculiar in kind to appellants from that suffered by the community at large as distinguished from a mere difference in degree of injury. We conclude that the allegations of the complaint are sufficient and reverse the order of dismissal.
The appellants are property owners in an area zoned R-4 (apartment, hotel, hospital) located on the north side of S.W. 7th Street at 21st Avenue. The property of appellee Monroe Zeder, involved in this action, is located on the south side of S.W. 7th Street and bears the same zoning classification as that of the appellants. The appellee Monroe Zeder operates an automobile agency on property to the south zoned B-3. According to appellants’ complaint, the City of Miami, upon the petition of appellee Monroe Zeder, granted a variance to Monroe Zeder from the R-4 zoning classification, permitting the use of its property on the south side of S.W. 7th Street for parking and storage with the condition that an existing wire fence was to be removed, and a five-foot wall erected twenty feet from S.W. 7th Street and five feet from S.W. 21st Avenue, the set-back to be landscaped and maintained in an attractive manner, and with the further provision that there should be no ingress or egress on S.W. 7th Street. It was further alleged that the appellee Monroe Zeder failed and refused to comply with the ordinance granting the variance in that the property in question was being used for off-street parking of automobiles up to the property lines without set-back, the working, cleaning and storage of automobiles, and by failing to have the area distinctly marked for parking.
In addition to the alleged violations of existing zoning regulations, the complaint charges the use of the property in a manner that constitutes a nuisance in that floodlights are so located that they shine in the windows of the adjacent homes at all hours of the night and the loud speaker of the appellee Monroe Zeder is tuned so loud that *428 it is heard all over the neighborhood; that cars are unloaded by the appellee Monroe Zeder from trailers at early hours of the morning, causing disturbances and loud noises. The complaint contains other allegations to the effect that the appellee Monroe Zeder has wilfully ‘failed and refused to comply with the zoning regulations of the City of Miami, and that as a result, the appellants, individually and collectively, have been damaged and will continue to be damaged by the inconvenience, depreciation of their property, loss of esthetic value and inability to use their property without unlawful interference from the appellee Monroe Zeder, and the further fact that no adequate remedy at law exists.
To the complaint, the appellee Monroe Zeder filed a defensive motion urging dismissal of the complaint on two grounds, namely (1) that it was without equity, and (2) that it failed to state a cause of action upon which relief could be granted. The chancellor, without indicating the ground relied upon, granted the motion to dismiss with leave to amend.
We conclude that the allegation here comes within the rule announced in Conrad v. Jackson, Fla.1958, 107 So.2d 369, 371, in which the Supreme Court of Florida, speaking through Justice Thornal, said:
“We mention at the outset that in order to obtain relief against a violation of an ordinance of this nature, a property owner must demonstrate that he suffers peculiar injury and damage different in kind from that suffered by the community at large, as distinguished from a mere difference in degree of injury. Boucher v. Novotny, Fla.1958, 102 So.2d 132.”
We do not know what proof, if any, the appellants can adduce in support of the allegations of their complaint, but we do feel that they have sufficiently brought themselves within the “peculiar injury and damage rule” to withstand a motion to dismiss.
The appellee Monroe Zeder contends that the allegations of the complaint are not specific enough to show that the floodlights and loud speaker are located on, or the early morning unloading of automobiles occurred upon, the property in question. However, in considering a bill of complaint to which a motion to dismiss has been directed, we must assume that all the well pleaded allegations of the bill are true, in which event the appellee Monroe Zeder’s contention here would be without merit. Other contentions of appellee Monroe Zeder have been examined but are likewise without merit or would appear to be defensive in character and more appropriately included in an answer.
Accordingly, the order appealed is reversed, and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
PEARSON and CARROLL, CHAS., JJ., concur.