KANNER, Judge.
Defendant in trial court, respondent here, charged under an amended information with the misdemeanor offense of unlawfully having in his possession a carcass or a portion of a carcass of an alligator in violation of a rule or regulation of the Game and Fresh Water Fish Commission of Florida, was tried by a jury in the Court of Record of Broward County, Florida. The state did not offer into evidence a certified copy of the rule or regulation mentioned; and at the conclusion of the state’s case, the defendant moved for a directed verdict because of the insufficiency of the evidence, and because of the failure of the state to prove, or offer in evidence, competent proof of any rule or regulation of the Game and Fresh Water Fish Commission of the State of Florida, declaring it to be unlawful to kill, or to have in one’s possession an alligator, alligator’s carcass, or hide, in Broward County, Florida. The court did, however, have before it a copy of the Rules and Regulations of the Game and Fresh Water Fish Commission which had been duly approved and adopted on July 10, 1958, certified as true under date of August 15, 1958, signed by the director of the commission, and stamped with the seal of the commission. To this, the court referred and took judicial notice, and the motion was denied. Defendant was found guilty and was sentenced to serve 30 days in the county jail.
Appeal was taken by defendant to the circuit court of that county, with the result that the judgment of conviction with sentence was reversed for new trial. The circuit court stated, “The Courts of this state-will not take judicial notice of rules and' regulations of state regulatory boards,” and thereupon ruled that the failure to introduce into evidence a certified copy of the rule *335 or regulation of the commission which the defendant was charged with violating was fatal to the prosecution.
In petitioning this court for writ of cer-tiorari, the State of Florida urges that the circuit court, sitting as an appellate court, reversed the judgment of conviction because the trial court had taken judicial notice of the rules and regulations referred to, although section 372.021, Florida Statutes, permits a trial court to do so.
The Game and Fresh Water Fish Commission is a constitutional state agency and is empowered to promulgate rules and regulations by authority of section 30, Article IV, Constitution of the State of Florida, F.S.A., and as implemented by section 372.-021, Florida Statutes, F.S.A. The statutory provisions relate to the procedure outlined for certification, which includes filing with the secretary of state and each county judge of the state, and receipt into evidence of the rules and regulations of the commission. The promulgation and filing procedures are stated to be directory and not mandatory, however, and the statute also provides as to such rules and regulations that they:
“ * * * shall be received as evidence in all courts of this state without further authentication; provided, nothing herein shall be construed as preventing or prohibiting the courts from taking judicial knowledge thereof.” (Emphasis supplied.)
Section 372.83, Florida Statutes, F.S.A., declares that a person violating any rule, regulation, or order of the Game and Fresh Water Fish Commission adopted pursuant to the Constitution and the statutory provisions incorporated within chapter 372 shall have committed a misdemeanor.
The question arises as to the propriety of utilizing the remedy of certiorari for review of the decision of the circuit court. The rule stated as settled law by the Florida Supreme Court in Cacciatore v. State, 1941, 147 Fla. 758, 3 So.2d 584, is that such court is empowered to review and quash on the .common-law writ of certiorari the orders and proceedings of subordinate courts when they proceed in a cause without jurisdiction, or when their procedure is essentially irregular and not according to the essential requirements of law, and when there exists no appeal or direct method of reviewing the order or proceedings. Since the state has available to it no right of appeal or other direct method of review, the only avenue left to it is that of the common-law writ of certiorari; and under the circumstances delineated, the remedy is properly invoked.
The Florida cases relied upon by the circuit court as a basis for the reversal, State ex rel. Kay v. City of Miami, 1946, 158 Fla. 26, 27 So.2d 413, and Stephens v. Anderson, 1918, 75 Fla. 575, 79 So. 205, are decisions that dealt with the question of judicial notice as it related to municipal ordinances and are therefore clearly distinguishable. In the case of Daoud v. Matz, Fla., 1954, 73 So.2d 51, the court indicated that judicial notice might be taken of an officially published administrative rule of the industrial commission which implemented the Workmen’s Compensation Act, F.S. A. § 440.01 et seq. The Supreme Court of the United States in United States v. Howard, 1957, 352 U.S. 212, 77 S.Ct. 303, 304, 1 L.Ed.2d 261, held to the effect that the rules of the Game and Fresh Water Fish Commission of Florida are encompassed by the phrase, “the law of the State.”
Respondent here, in addition to asserting that it was necessary to prove the rule or regulation during the course of the trial, further states that, since the rule indicates it was adopted on July 10, 1958, and certified on August 15, 1958, there was nothing to show that the rule was in existence at the time of the alleged violation. The amended information was filed on October 27, 1959, and alleged that the offense was committed on July 28, 1959. The record before this court is upon stipulation of the parties. The stipulated statement of facts reveals that there was before the trial judge *336 an official copy of the pertinent rule; and, insofar as the record is concerned, there is nothing to dispute that such was the applicable existing rule.
Especially in view of the language found in section 372.021, Florida Statutes, F.S.A., that: “ * * * nothing herein shall be construed as preventing or prohibiting the courts from taking judicial knowledge thereof,” we must conclude that the trial judge was empowered to apply the doctrine of judicial notice as he did. It follows that the order of reversal entered by the circuit court upon appeal was a departure from the essential requirements of law.
The order of reversal of the circuit court is hereby quashed, and it is directed that the judgment of the trial court be reinstated.
SHANNON, C. J., and MOODY, JAMES S., Associate Judge, concur.