141 So.2d 6 (1962)
FLORIDA LIVESTOCK BOARD, a body corporate under the laws of the state of Florida, Appellant,
v.
HYGRADE FOOD PRODUCTS CORPORATION, a New York corporation licensed to do business in the State of Florida, Appellee.
No. D-217.
District Court of Appeal of Florida, First District.
May 10, 1962.
Rehearing Denied May 31, 1962.
*7 Richard W. Ervin, Atty. Gen., Joseph C. Jacobs and Gerald Mager, Asst. Attys. Gen., for appellant.
Fowler, White, Gillen, Humkey & Trenam, Miami, for appellees.
PER CURIAM.
Appellee has filed its motion to strike various portions of appellant's brief and appendix on the basic grounds that the record on appeal does not support statements volunteered by appellant in its brief, and that documentary matter has been inserted in appellant's appendix which was not offered in evidence before the trial judge.
This opinion is written primarily for the information of the members of the bar. We note an increasing trend by some members of the bar to completely disregard the rules of appellate procedure in preparing their briefs and appendixes. This Court strongly condemns the practice of attempting to inject matters and things into appellate proceedings which have not been presented for the consideration of the trial court. Appellate courts do not exist for the purpose of conducting a trial de novo and it is highly improper for counsel to insert in their briefs matters and things which are not a part of the trial record and which have not been brought to the attention of the trial court for its consideration. How can a trial court properly consider a matter and decide same when counsel does not see fit to bring such matter to the court's attention? Appellate proceedings are not designed to be a depository of supposed facts and documentary evidence which were not considered by the trial judge.
Counsel in preparation of appellant's brief and appendix has flagrantly violated those portions of appellate rules applicable thereto. Illustrations of such violations are as follows:
1. A statement in the brief as to what the Livestock Board did or did not do during its meetings and an attachment in the appendix of a purported copy of the minutes of the Livestock Board's meetings were presented to this Court as new material, same having never been adduced before the trial court.
2. An oral statement attributed to the Chancellor as to his opinion during colloquies between counsel, such statement not having been recorded or appearing in any transcript of record.
3. An affidavit appearing as part of the appendix which was not submitted to the trial court and is not a part of the record on appeal.
No useful purpose would be served by detailing the many other flagrant violations by appellants in the preparation of its brief and appendix in this cause. However, it might be borne in mind by all members of the bar that this Court censures the unwarranted violations of the appellate rules as illustrated above. Members of the bar are reminded of the contents of F.A.R. 3.17, 31 F.S.A., which provides:
"The violation of any of these rules shall subject the offending person to such penalties as the Court may impose."
Flagrant violations of the rules of this Court, such as those illustrated may well require imposition of penalties upon the offending party.
CARROLL, DONALD K., C.J., and STURGIS and RAWLS, JJ., concur.