193 So.2d 29 (1966)
CITY OF OPA-LOCKA, a Municipal Corporation, Appellant,
v.
TRUSTEES OF the PLUMBING INDUSTRY PROMOTION FUND, a Trust Fund, A.M.A. Engineering and Construction, Inc., a Florida Corporation, and Harry Pepper & Associates, Inc., a Florida Corporation, Appellees.
No. 66-552.
District Court of Appeal of Florida. Third District.
December 20, 1966.
*30 Albert L Weintraub, Miami, for appellant.
Joseph H. Kaplan, Fred Patrox, Miami, for appellees.
Before HENDRY, C.J., and PEARSON and CARROLL, JJ.
HENDRY, Chief Judge.
By its final decree, the lower court enjoined the City of Opa-Locka from recognizing the bid of Harry Pepper & Associates, Inc., on a contract to install certain sanitary sewer house services, known as Project No. 1002.
On March 11, 1966, the city of Opa-Locka advertised for bids on Project No. 1002. The bids were formally opened and it was found that Harry Pepper & Associates, Inc., had made a substantially lower bid than any other bidder. It was further noted that Pepper did not possess a "Certificate of Competency" from Metropolitan Dade County.
The city permitted Pepper to obtain a certificate and then passed on first reading an ordinance accepting the bid of Pepper. A meeting of the city commission was scheduled for June 3, 1966 for the purpose of final reading of said ordinance.
*31 Immediately preceding the meeting A.M.A. Engineering and Construction, Inc., the second lowest bidder, and the trustees of the Plumbing Industry Promotion Fund, a non-profit trust established in Dade County for the purpose of improving the plumbing industry, filed their complaint for emergency injunction.
The chancellor found that § 10-3(b), Code of Metropolitan Dade County makes it unlawful for any person, firm, corporation or joint-venture to bid or proffer a bid on any public works project, unless such bidder holds an appropriate certificate of competency qualifying him to perform the work proposed by the bid. The chancellor also found that this section is a valid legislative enactment which the city could not lawfully waive. Since it was admitted that Pepper did not possess such a certificate at the time it submitted a bid, the chancellor found that Pepper was not qualified to bid on Project No. 1002.
The city contends that § 10-3(b), supra, as written contains missing words or grammatical errors which renders it meaningless. The city also contends that the lower court's construction of § 10-3(b) renders this section unconstitutional as a restraint of competition in bidding on public works and violates the public policy of the State of Florida. It further contends that § 10-3 (b) is void insofar as it contravenes chapter 180, Fla. Stat., F.S.A. and that § 10-3(b) may be waived by the city.
Sec. 10-3(b) Code of Metropolitan Dade County (Ord. No. 64-59, § 3, 11-24-64), as written, is as follows:
"Any person, firm, corporation, or joint venture who shall bid or proffer a bid or any public works project shall, at the time such bid or proffer of bid, hold a valid certificate of competency issued by the appropriate examining board, qualifying said person, firm, corporation or joint-venture to perform the work proposed by the bid and contract documents." [Emphasis added.]
The chancellor substituted the word "on" for "or" as it appears in the phrase "proffer a bid or any public works project", and the word "of" between the words "time" and "such" in the phrase "at the time such bid". We believe that the intent of the section is clear, i.e., to require as a condition precedent to bidding on any public works project that the bidder hold a valid certificate of competency. Where, as here, the text of the act reflects the clear legislative intent, then this intent may be effectuated by supplying the words inadvertently omitted and correcting clerical errors.[1]
Section 2-19(a), Charter of the City of Opa-Locka provides that, "All expenditures for supplies, materials, equipment for contractural services, except for professional services, amounting to more than One Thousand Dollars shall be made on the basis of sealed competitive bids." Provisions such as this are designed to secure fair competition on equal terms for all bidders, to avoid favoritism and to secure public improvements at the lowest possible cost to the taxpayers.[2] "All persons or corporations having the ability to furnish the supplies or materials needed, or to perform the work to be done should be allowed to compete freely without unreasonable restrictions."[3]
The city argues that if a certificate of competency is a condition precedent to bidding then it is an unreasonable restriction on competitive bidding because its effect is to limit competition for public works projects within Dade County to *32 business firms regularly doing business in this area.
Where competitive bidding is required, any ordinance which unduly limits the number of bidders thus tending to increase the cost of the work is void; in addition, such ordinances are void on the constitutional ground of discrimination.[4] However, attempts to qualify bidders prior to the receipt of the bids have been sustained as long as the method of prequalification is unobjectionable.[5] By statute, cities in New York having a population of one million or more may restrict bidding to those who shall have qualified prior to the receipt of bids according to standards fixed by the board of education.[6]
The objective of § 10-3(b) Code of Metropolitan Dade County is reasonable insofar as it limits bidders to those who are responsible and competent. On its face, § 10-3(b) does no more than require that a bidder be certified as competent prior to bidding on a public works project. The procedure of prequalifying bidders must not be a scheme to promote favoritism among bidders, but must treat all alike. The record before us does not reflect the procedure whereby Dade County prequalifies bidders. We can not take judicial notice of municipal ordinances.[7] We have, therefore determined that the chancellor was correct in finding that § 10-3(b), supra, is a valid legislative enactment.
Chap. 180, Fla. Stat., F.S.A. is the basis of the authority for a municipality to require its citizens to connect to its sanitary system. § 180.24 Fla. Stat., F.S.A. requires competitive bidding for contracts for construction of any of the utilities mentioned in chapter 180. We have previously determined that on its face, § 10-3(b) supra, does not contravene a statute requiring competitive bidding.
Finally, the city argues that it may waive the necessity of a bidder having a certificate of competency prior to bidding as an immaterial violation in specifications for competitive bidding. The city points out that the low bidder on Project No. 1002 was able to secure such a certificate after submitting its bid.
To allow the city to permit bidders to qualify after their bids are accepted would circumvent the intent of § 10-3(b). It would also be an unfair advantage over those who must prequalify. If the city may in its discretion waive this section it would be conducive to favoritism by allowing some bidders to qualify after their bids are accepted while refusing to consider bids of others on the ground that they did not prequalify.[8]
Having determined that the decree of the chancellor is without error, it is affirmed.
Affirmed.
*33 PEARSON, Judge (concurring specially).
I concur in this decision only because, as pointed out in the majority opinion, this record is insufficient to show the procedure whereby Dade County qualifies bidders. If the record were sufficient to show that the qualification procedure is such that it tends to increase the cost of the work to the public or violates other established principles of law, I would hold the section of the Code void.
NOTES
[1] Armstrong v. City of Edgewater, Fla. 1963, 157 So.2d 422; 50 Am.Jur. Statutes § 284.
[2] Robert G. Lassiter & Co. v. Taylor, 99 Fla. 819, 128 So. 14, 69 A.L.R. 689 (1930); Mayes Printing Company v. Flowers, Fla.App. 1963, 154 So.2d 859.
[3] 10 McQuillin, Municipal Corporations § 29.44 (3rd ed. 1950).
[4] Anderson v. Fuller, 51 Fla. 380, 41 So. 684, 6 L.R.A., N.S., 1026 (1906); 10 McQuillin, op.cit. supra note 3 § 29.48.
[5] William A. Carey & Co. v. Borough of Fair Lawn, 37 N.J. Super. 159, 117 A.2d 140 (1955); Application of Caristo Construction Corp., 30 Misc.2d 185, 221 N.Y.S.2d 956 (1961) modified on other grounds Carisco Const. Corp. v. Rubin, 15 A.D.2d 561, 222 N.Y.S.2d 998 aff'd 10 N.Y.2d 538, 225 N.Y.S.2d 502, 180 N.E.2d 794; Application of Pipe & Engineering Co., Sup., 220 N.Y.S.2d 175 (1961); Corcoran v. City of Philadelphia, 363 Pa. 606, 70 A.2d 621 (1950); Harris v. City of Philadelphia, 299 Pa. 473, 149 A. 722 (1930).
[6] N.Y.Education Law, McKinney's Consol. Laws, c. 16, § 2556, subd. 12; Application of Caristo Construction Corp., supra note 5.
[7] State ex rel. Kay v. City of Miami, 158 Fla. 26, 27 So.2d 413 (1946).
[8] J. Turco Paving Contr., Inc. v. City Council of City of Orange, 89 N.J. Super. 93, 213 A.2d 865, 870 (1965).