MINNET, JAMES F., Associate Judge.
Plaintiffs appeal from a final judgment in favor of defendant to recover money paid under a contract claiming that defendant was unjustly enriched. The parties entered into a contract on May 1, 1963, wherein the appellee, as seller, agreed to sell to the appellants a motel for $65,000.-00, $5,000.00 deposit with the balance under terms and conditions. The contract provided for possession on June 15, 1963, with a closing date of August 24, 1963. It also provided: (1) that the $5,000.00 deposit would be liquidated damages in the event of default; and, (2) that
“It is further understood that the seller will pay any mortgage payments as they become due before the actual closing, and an adjustment will be made as to same at the time of closing.”
The sale was never consummated and on January 13, 1964, vendor filed an ejectment suit, and on January 13, 1965, judgment in ejectment was entered in her favor *223 and against the purchasers which order provided that:
“This final judgment is without prejudice to the rights of the defendants (purchasers) to proceed in a separate suit to have determined the damages, if any, that they may be entitled to receive from the seller in the nature of better-ments as a result of the improvements made by the purchasers to the motel.”
The decision in the ejectment case was appealed to this court, Wyrembek v. Frey, Fla.App.1966, 185 So.2d 789, and the decision was affirmed and repossession finally given to the seller on March 24,1966.
On the betterment petition the verdict fixed the value of the land at $75,000.00, the value of improvements at $10,000.00, and the value of the use of the land from January 13, 1965 to May 20, 1966 at $6,-000.00. Accordingly, the seller was ordered to pay $4,000.00 to the purchasers.
Following this betterment decision, purchasers filed the present unjust enrichment law suit claiming that the $5,000.00 should have been returned and they should have been given credit for their mortgage payments made while in possession. Appellants urge that the final judgment was in error because the seller had elected an inconsistent remedy in the filing of the ejectment law suit and therefore should not use that contract as a defense in this law suit; that the trial court erred by refusing to admit into evidence a letter as part of the negotiations between the parties ; and that the court erred further when it admitted into evidence testimony of the seller concerning rent. Seller contends that the resort to the ejectment proceeding after default did not affect her rights under the agreed liquidated damage clause, that she had not pursued inconsistent remedies and that the testimony concerning rent was applicable since it was directed to the question of damages only.
In the ejectment law suit the contract document was vital and crucial because it provided the only defense upon which purchasers could defend if there was an enforceable contract. We conclude, therefore, like the trial court, that a default did occur for otherwise a determination would have been made that the contract was specifically enforceable. Consequently, the $5,000.00 was agreed liquidated damage, but then too this unusual contract also provided for an adjustment of mortgage payments.
The trial court, therefore, erred only when it gave no consideration to that portion of the contract as it related to the claim that $4,837.00 had been paid to reduce the principal of the mortgage and as clearly supported by appellants’ evidence with no evidence to the contrary except the testimony that purchasers received rent with no specifics as to how much. Error relating to the letter is clearly without merit, and the election of remedy doctrine does not apply as claimed by the appellants. This is so because possession had been given under, the contract prior to a closing and when purchasers refused to re-deliver possession seller then brought suit in ejectment to recover possession. (Emphasis supplied.)
We observe that the appellants set forth in their brief a claim for reimbursement of the twelve mortgage payments of $754.30 each made by them totaling $9,051.-60. This total included both principal and interest on the mortgage, but was never included in the appellants’ original complaint or inserted by amendment. In fact, the first mention of same was in appellants’ appellate brief. The only figure stated previous to said brief was $4,845.00, which in fact should actually be $4,837.00 as evidenced by documentary evidence in this case, and which was the actual reduction of the principal on the mortgage indebtedness. It is not only too late but clearly improper to insert in a brief an expansion of an original claim when there is nothing in the record to establish that such an amendment or claim was ever brought to the attention of the trial court. Florida Live *224 stock Board v. Hygrade Food Products Corporation, Fla.App.1962, 141 So.2d 6; Beaty v. Beaty, Fla.App.1965, 177 So.2d 54. In fact, it would be error for this court to consider such a claim. Alliance for Conservation of Natural Resources in Pinellas County v. Furen, Fla.App.1960, 122 So.2d 51.
Accordingly, the judgment of the lower court is reversed to the extent that we find the defendant was unjustly enriched in the amount of $4,837.00, and the lower court is directed to award this sum with interest from March 24, 1966, plus costs.
Reversed.
REED, J., concurs.
CROSS, C. J., concurs in conclusion.