SWANN, Judge.
Francis Cipolato d/b/a Cipolato Groves, appeals from a final judgment, after a non-jury trial, for the plaintiff, George H. Cooper, d/b/a Glade & Grove Supply. Plaintiff had sued for the balance due of $20,951.99, on a written contract between the parties.
We have previously denied a motion to strike portions of the appellant’s brief and appendix filed by the plaintiff Cooper. The denial was without prejudice so that it could be argued more fully in the briefs and will be considered in this opinion.
The facts considered in a light most favorable to the prevailing party are these:
“The Defendant and Plaintiff’s son, George Cooper, Jr., discussed the installation of an irrigation system on the Defendant’s property, and during those discussions the Defendant mentioned his theory to the Plaintiff’s son that an irrigation system would be an aid to preventing frost damage. Following these discussions a written contract was agreed to and executed by the Defendant and George Cooper, Sr., and Plaintiff’s obligation in the written contract was for the installation of an ‘irrigation system’.
“The first 50 acres were completed on January 15, 1966 and the Plaintiff testified that the system was completed entirely before February 14, 1966.
“Because the system was completed later than the date agreed to in the contract, the Plaintiff and Defendant met and agreed to credit the amount of $4,568.16 to the Defendant’s account for that delay and labor furnished by the Defendant, leaving a balance due the Plaintiff of $20,951.99.”
The final judgment awarded plaintiff $20,951.99 on its complaint and $5,000 for defendant on his counterclaim against plaintiff.
On appeal, the defendant, Cipolato, argues that error was committed when the trial court refused to permit parol evidence to be introduced to explain the term “irrigation system”.
It was his position that the term “irrigation system”''as used in the written contract was ambiguous and that parol evidence was necessary to explain this ambiguity and to show that the term “irrigation system” also encompassed “frost protection” for the trees in his groves.
A complete reading of the contract and specifications shows that there was no ambiguity in its terms concerning the fact that the parties had contracted for an “irrigation system” by a specified method and there was no mention or requirement that the irrigation system would provide frost protection for the trees in the groves. We find no error in the exclusion of parol testimony in this regard.
We have reviewed the record on appeal and find that there was substantial, competent evidence to support the finding that the plaintiff, Cooper, had substantially performed his contract. The testimony and evidence was conflicting in this regard but was resolved by the trier of fact for the plaintiff. See Poranski v. Millings, Fla. 1955, 82 So.2d 675; Bowen v. Everett, Fla.App.1967, 205 So.2d 536; 17 Am.Jur.2d Contracts §§ 375-378; and 17A C.J.S. Contracts § 508.
Defendant Cipolato argues that it was error for the trial court to award only $5,000 on his counterclaim as this was an insufficient amount in that it would cost between $30,000 to $45,000 to make the defective irrigation system operate properly. We find no error in the award of $5,000 on the counterclaim. Bayshore Development Co. v. Bonfoey, 75 Fla. 455, 78 So. 507 (1918); and Consolidated Air Charter Exch. v. Holly-Cotton Aviation Serv., Inc., Fla.App.1969, 219 So.2d 471.
The record on appeal does not contain plaintiff’s motion to tax costs or the order taxing costs. We cannot, therefore, reverse the order of costs, interest and ex *689 pert witness fees as determined by the trial court. Gleim v. Gleim, Fla.App.1965, 176 So.2d 610; and 2 Fla.Jur. Appeal §§ 205-207.
The motion to strike certain portions of the appellant’s brief and appendix is also granted. Florida Livestock Bd. v. Hygrade Food Products Corp., Fla.App.1962, 141 So.2d 6.
The final judgment herein appealed is
Affirmed.