PIERCE, Chief Judge.
Appellant Kevin D. Haverty was informed against in the Pinellas County Circuit Court on February 1, 1971, for the offense of unlawfully possessing a narcotic drug, to-wit: marijuana. On arraignment he pleaded not guilty, and upon a jury trial was found guilty of the offense. On April 6, 1971, he presented himself before the Court, at which time thé Court withheld adjudication of guilt and released him on probation for a term of three years. From that disposition and order he appeals to this Court.
The sole contention of Haverty here is that the trial Court erred in denying his pre-trial motion “to suppress all tangible evidence . . . for the reason that such tangible evidence was seized without a warrant as a result of an illegal arrest”.
The factual background, though partially in conflict, presents a not-unusual situation. During the evening of December 15, 1971, Haverty and another man were in a doughnut shop in Largo and while there had a dispute with the owner or proprietor of the shop, the nature of which was at variance. It seemed like the shop manager looked upon Haverty and his companion as so-called hippies and there was a considerable “ruckus” among all concerned. As might be expected, a Largo police officer soon arrived on the scene as the trouble was quieting down. After talking with the manager, the officer arrested Haverty for “disorderly conduct” based on what had happened prior to the officer’s appearance and because, in the officer’s presence, Haverty refused to leave the premises when told to do so. During the search of his person following his arrest, the officer found a small quantity of marijuana on him and added possession of marijuana to the reasons for the arrest.
Haverty challenges the legality of his arrest upon numerous grounds, namely, that he was arrested without warrant or other good. cause, that he was unlawfully searched which resulted in the seizure of marijuana, that the disturbance was precipitated largely by the manager’s own conduct, and that the local municipal ordinance of Largo under which the arrest was made and the marijuana seized, pursuant to which the Circuit Court charge was made, resulting in the trial and conviction, was unconstitutional. The principal ground upon which illegality of the arrest and seizure was claimed in the Circuit Court, and now here, was that the Town ordinance under which Haverty was arrested is invalid.
It is unnecessary, however, to consider the legality of the local Town ordinance. This is so because this Court cannot reach such question. No assignment of error was filed challenging the validity of the ordinance, nor was the ordinance or a certified copy thereof ever put *20 in evidence. It nowhere appears as a part of the record on this appeal. The law is well settled that such questions can only be heard and considered by the appellate Court if properly reserved in the lower Court and assigned as error upon appeal.
The case of Silver v. State, Fla.1966, 188 So.2d 300, summing up the applicable prior cases, clearly states the principle involved. In that case the Supreme Court, affirming the 1st District Court, Fla.App., 174 So.2d 91, said that an appellate Court should “confine itself to a review of those questions, and only those questions, which were before the trial Court, and that matters not presented to the trial Court by the pleadings and evidence would not be considered on appeal”. In Silver the District Court had considered and decided the constitutionality of a statute “via a vague assignment of error in that Court”. The Supreme Court clearly noted the reasons for the rule as stated above and found that to do otherwise than as stated would not be “conducive to sound practice”.
Nor can this Court take judicial notice of the Largo town ordinance said to be here involved. The Town of Medley v. Caplan, Fla.App.1966, 191 So.2d 449; Conrad v. Jackson, Fla.1958, 107 So.2d 369. In the latter case the Supreme Court said:
“It is necessary that we point up a deficiency in the proofs with reference to the zoning ordinance. Nowhere in the record do we find that the municipal zoning ordinance was ever placed in evidence. The parties refer to it and liberally quote from it in their briefs. In other respects, save for the opinion of the Chancellor, this court is completely in the dark as to the content of the ordinance. It simply does not appear in the record. The established rule is that courts cannot take judicial cognizance of municipal ordinances. We consequently cannot inquire into the provisions of an ordinance which is not before us.”
So that if he had preserved the point by proper assignment of error, Haverty could not in this Court attack the constitutionality of the Town ordinance as it was never introduced in evidence nor made a part of the record here.
There being nothing else urged on this appeal except the foregoing, which we have found adverse to Haverty, the order and judgment appealed is thereupon—
Affirmed.
LILES and McNULTY, JJ., concur.