315 So.2d 238 (1975)
Leo NICHOLAS, as Chairman, et al., Appellants,
v.
FIRST INTERSTATE DEVELOPMENT CORPORATION, a Corporation Organized and Existing under the Laws of the State of Florida, Appellee.
No. 73-1420.
District Court of Appeal of Florida, Fourth District.
July 11, 1975.
*239 Stanley Wolfman of Wolfman & Scott. P.A., Merritt Island, for appellants.
S. Lindsey Holland, Jr., of Crofton, Holland, Starling, Harris & Severs, P.A., Melbourne, for appellee.
NEWELL, EMERY J., Associate Judge.
On May 30, 1972, appellee filed a preliminary application for a special exception for a residential planning unit development (RPUD) to be located in an R-1 zoning district. Zoning Ordinance No. 12-71 of the City of Cape Canaveral provided for such RPUD. A section of the zoning ordinance provided a schedule for special exceptions permissible by the Board of Adjustment for planned development. The building official determined that such planned development was permissible in an R-1 district. The respondent Board of Adjustment affirmed this particular determination of the building official, and no appeal was taken on that decision. Thereafter, a public hearing on the merits of the RPUD was scheduled before the Board of Adjustment. Evidence was presented by appellee and opponents to the plan and the Board rejected appellee's request for special exception. Appellee then filed a petition for certiorari in the circuit court pursuant to F.S. 176.16, writ was issued and a trial commenced. The trial court entered an order reversing the decision of the Board of Adjustment and remanded the matter back to the Board for a new hearing. Appellee next filed a motion for rehearing which was granted and the trial court entered a new order dated November 14, 1973. This order receded from the previous order to the extent the matter was not returned to the Board of Adjustment for a new hearing, but instead went ahead and granted appellee's preliminary application for special exception for an RPUD. It is this order on rehearing and final judgment which is appealed.
Appellants contend that, while this application was being processed, there was an amendment to the zoning ordinance which would not permit RPUD's within an R-1 district and thus the trial court was bound by the principles announced in City of *240 Boynton Beach v. Carroll, Fla.App., 272 So.2d 171 (1973). In that case it was said, in part
"... . . the general rule in suits of this nature is that the law in effect at the time of final decision governs, notwithstanding the fact there has been a change in the law since the time of application."
It is not necessary to consider the validity of appellant's argument on this point for another, more basic, reason. The purported amendment was never placed or offered into evidence in the case sub judice. The pleadings and proof were directed to the ordinance as it was formed on the date preliminary application was made. It is the declared policy of the appellate court to confine the parties to the points raised and determined in the court below and not to permit the presentation of points, grounds or objections for the first time in the appellate court. 2 Fla.Jur., Appeals, Sec 290; also Wyrembek v. Frey, Fla.App., 231 So.2d 222; Cosid v. Bay Steel Products Co., Fla.App., 288 So.2d 277; Palmer v. Thomas, Fla.App., 284 So.2d 709.
Nor can the record void be cured by the court taking judicial notice of any amended ordinance. The established rule is to the contrary. Haverty v. State of Florida, Fla.App., 258 So.2d 18; Conrad v. Jackson, Fla., 107 So.2d 369. The case of Town of Medley v. Caplan, Fla.App., 191 So.2d 449, is particularly noteworthy as that case involved a municipal zoning ordinance which had been attached to the complaint. The ordinance was not properly admitted into evidence and the appellate court reaffirmed the principle that municipal ordinances must be proven and the courts may not take judicial notice of them.
The trial before the lower court was in the nature of an original proceeding de novo. Josephson v. Autrey, Fla., 96 So.2d 784; Union Trust Co. v. Lucas, Fla. App., 125 So.2d 582; Board of Adjustment of City of Fort Lauderdale v. Kremer, Fla.App., 139 So.2d 448. Thus the court was not restricted to merely reviewing the record of proceedings before the Board of Adjustment, but additionally heard testimony of numerous witnesses, including qualified experts. We think the record supports the findings of the trial court and that he did not abuse his discretion in granting the preliminary application.
The judgment is affirmed.
WALDEN, C.J., and DOWNEY, J., concur.