973 So.2d 1255 (2008)
Warren Lee BERRY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-4886.
District Court of Appeal of Florida, First District.
February 11, 2008.
Nancy A. Daniels, Public Defender, and Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.
*1256 Bill McCollum, Attorney General, Donna A. Gerace, Assistant Attorney General, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Warren Lee Berry ("Appellant") pleaded nolo contendere to possession of marijuana and possession of drug paraphernalia but expressly reserved his right to appeal the trial court's denial of his dispositive motion to suppress. Appellant argues that the trial court should have suppressed marijuana, a pipe, and prescription pills seized from his person because they were obtained by police as a result of an illegal stop. The State concedes error. We agree, and for the reasons expressed below, we reverse.
Appellant and his sixteen-year-old companion were walking behind a closed store in the Santa Rosa Mall parking lot on March 10, 2006, at approximately 8:30 p.m., when they were approached by Officer Homer. Officer Homer asked them what they were doing, and they responded that they were walking to the movie theater. Officer Homer then asked them for identification. Appellant provided a valid driver's license, but his companion provided a false name. Once Officer Homer ascertained the companion's correct name and age, he patted her down. Officer Homer then patted Appellant down and found prescription pills, a small amount of marijuana, and a pipe.
Appellant was arrested and charged with possession of marijuana and possession of drug paraphernalia. Appellant filed a motion to suppress, alleging that all evidence seized from Appellant should be suppressed because Officer Homer did not have reasonable suspicion he was committing a crime or was armed and dangerous.
At the suppression hearing, Officer Homer testified that he stopped Appellant and his companion because they were walking behind a closed store at approximately 8:30 p.m. Officer Homer further testified that he attempted to identify Appellant and his companion because their explanation of why they were behind a closed store in the dark did not, make sense. He further testified that Appellant's companion was acting very nervous and that he patted her down after seeing cigarettes in her pocket. Homer stated that he patted down Appellant and felt something hard in his pocket. When asked what it was, Appellant responded that he did not know. Homer testified that he then removed the object and discovered that it was a phone. Homer also found a jewelry bag commonly used to carry narcotics in Appellant's pocket. Homer testified that he continued his search of Appellant's person and found a marijuana pipe, another jewelry bag containing marijuana, and prescription pills.
On cross-examination, Officer Homer stated that there was a movie theater and a parking lot in the vicinity of where he made contact with Appellant. He admitted he did not know what crime he thought Appellant was going to commit and stated "that's why they have a loitering and prowling statute." Officer Homer testified that Appellant and his companion were not being rowdy or fighting.
On appeal, Appellant contends the officer lacked a lawful reason to perform an investigatory stop. We agree. Section 901.151(2), Florida Statutes (2006), provides as follows:
Whenever any law enforcement officer . . . encounters any person under circumstances which reasonably indicate that such person has committed, is committing, or is about to commit a violation of the criminal laws of this state the officer may temporarily detain such person for the purpose of ascertaining the identity of the person temporarily detained *1257 and the circumstances surrounding the person's presence abroad which led the officer to believe that the person had committed, was committing, or was about to commit a criminal offense.
When determining whether an officer's suspicion of crime is reasonable, the trial court "must consider the totality of the circumstances as viewed by an experienced police officer." Dewberry v. State, 905 So.2d 963, 966 (Fla. 5th DCA 2005). A "mere `hunch' that criminal activity may be occurring" is insufficient to constitute reasonable suspicion to justify stopping an individual. J.P. v. State, 855 So.2d 1262, 1264 (Fla. 4th DCA 2003). The officer stopping the individual "must articulate in particular and objective terms his reasonable suspicion of criminal activity." Daniels v. State, 543 So.2d 363, 365 (Fla. 1st DCA 1989).
Case law indicates that walking behind a closed business in the evening is insufficient to justify a reasonable suspicion of criminal activity. See, e.g., L.N.D. v. State, 884 So.2d 515, 515 (Fla. 2d DCA 2004) (holding that the officer lacked reasonable suspicion to stop the car in which the defendant was a passenger when the officer saw the vehicle come out from behind a closed building at 3:30 a.m. and the building had been recently burglarized); Errickson v. State, 855 So.2d 700 (Fla. 4th DCA 2003) (holding that no founded suspicion existed for a stop of a defendant seen sitting on a curb next to a bicycle and a payphone in front of a closed gas station which had been burglarized several times); Lester v. State, 754 So.2d 746, 748 (Fla. 1st DCA 2000) (finding police did not have a reasonable suspicion of criminal activity to justify a stop when the officer saw the defendant "seemingly intoxicated," walking down the road in a high crime area with a beer in her hand); State v. Robinson, 740 So.2d 9, 14 (Fla. 1st DCA 1999) (holding that the fact the defendant matched an anonymous tip's description, was seen in a high crime area, and walked away when police approached, was insufficient to provide reasonable suspicion).
Accordingly, because the State did not carry its burden of showing that Officer Homer had a reasonable suspicion of criminal activity necessary to justify an investigatory stop of Appellant, we REVERSE.
ALLEN, VAN NORTWICK, and LEWIS, JJ., concur.