832 So.2d 818 (2002)
Calvin LECORN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-2845.
District Court of Appeal of Florida, Fifth District.
November 8, 2002.
Rehearing Denied December 26, 2002.
*819 Ronald E. Fox of Ronald E. Fox, P.A., Umatilla, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Denise O. Simpson, Assistant Attorney General, Daytona Beach, for Appellee.
PALMER, J.
Calvin Lecorn (defendant) appeals his judgment and sentence which were entered by the trial court after he pled nolo contendere to the charge of trafficking in cocaine.[1] We affirm.
The defendant was originally charged with committing the crimes of trafficking in cocaine and conspiracy to traffic in cocaine. He filed a pretrial motion to suppress, alleging that the cocaine which formed the basis of the charges was seized as a result of an illegal, warrantless search. After conducting an evidentiary hearing, the trial court denied the motion to suppress. The defendant then entered a plea of nolo contendere to the charge of trafficking in cocaine, properly reserving his right to appeal the trial court's ruling. The court entered judgment on the defendant's plea and sentenced him to a mandatory minimum term of seven years imprisonment. This appeal timely followed.
The defendant first challenges the trial court's order denying his motion to suppress. Appellate courts review the legal issues raised in suppression cases de novo; however, the courts must defer to the factual findings of the trial court and interpret the evidence, and reasonable inferences and deductions derived therefrom, in a manner most favorable to sustain the trial court's ruling. McNamara v. State, 357 So.2d 410 (Fla.1978); Carattini v. State, 774 So.2d 927 (Fla. 5th DCA 2001). Since, in matters concerning the suppression of evidence, the trial court sits as both trier of fact and of law, the credibility of the witnesses and the weight of the evidence presented are matters within the province of the trial court whose determinations as to factual questions must be accepted by the appellate court if the record supports that finding. State v. Garcia, 431 So.2d 651 (Fla. 3d DCA 1983).
The evidence presented at the suppression hearing revealed that Officer Lemery made a traffic stop of the defendant's vehicle after noticing that he could not see inside the vehicle due to the darkness of the vehicle's window tint. Lemery testified that as he approached the defendant's car the two men inside appeared nervous and fidgety. He asked to see the defendant's license and the defendant complied. When the defendant explained that the vehicle was a rental car and that he had not put the tint on the windows, Lemery decided to write him a warning notice for having faulty equipment rather than issue him a ticket. Lemery requested the defendant to step out of the car and walk back to where his patrol car was parked. The defendant complied. The defendant told Lemery that he was cold so Lemery offered the defendant the option of sitting in the back seat of the patrol car with the door opened. While Lemery was preparing *820 the notice of faulty equipment, Officer Davis arrived on the scene with his canine unit. Officer Davis began to walk the dog around the defendant's car and the dog alerted on the driver's side of the vehicle. After the defendant denied that he was aware of anything illegal in the car, Lemery reached into the back seat of the patrol car to pat the defendant down. Lemery explained that he wanted to pat the defendant down first, before searching the car for drugs, because a lot of times people will transport narcotics and weapons at the same time.
Lemery testified that when he put his hand on top of the defendant's pants pocket he felt something chunky, hard, and brittle. Lemery asked the defendant what the object was but the defendant failed to respond. Lemery then asked the defendant if he was carrying a gun and the defendant responded no. Officer Davis then asked the defendant if the object was cocaine and defendant responded yes. At that point, Officer Davis removed the plastic bag of cocaine from the defendant's person.
In its order denying the defendant's motion to suppress the trial court wrote that the vehicle stop was valid based upon a window tint violation. The court further ruled that the search of the defendant's person was reasonable on the basis of officer safety, and that the subsequent seizure of the cocaine was lawful based upon the officer's experience in drug interdiction. The court further found that the traffic stop was not unreasonably long based on the totality of the circumstances.
The defendant first claims that the evidence of record reveals that Officer Lemery's failure to promptly issue the warning notice resulted in an unreasonable delay which enabled Officer Davis to arrive on the scene and to conduct the canine search of the defendant's vehicle. Our independent review of the record fails to reveal any evidence which supports this claim.
In Eldridge v. State, 817 So.2d 884 (Fla. 5th DCA 2002), our court explained that:
If a driver is stopped for the commission of a traffic infraction, he or she may be subjected to a canine search of the exterior of the vehicle so long as it is done within the time required to issue a citation. Maxwell v. State, 785 So.2d 1277 (Fla. 5th DCA 2001) (citing Cresswell v. State, 564 So.2d 480 (Fla.1990)); Welch v. State, 741 So.2d 1268 (Fla. 5th DCA 1999).
Id. at 887. We further explained that the time to issue a notice "should last no longer than is necessary to write the notice and, when necessary, to make the license, tag, insurance and registration checks as long as that information can be obtained within a reasonable period of time." Id. Here, the record demonstrates that within four minutes from the time Officer Lemery asked the defendant to exit his vehicle and accompany him to the patrol car so that a warning notice for the window tint violation could be issued Officer Davis arrived on the scene. As such, the evidence of record supports the trial court's conclusion that no unreasonably long delay occurred in this case. See Sands v. State, 753 So.2d 630 (Fla. 5th DCA), rev. denied, 773 So.2d 56 (Fla.2000)(holding that stop of vehicle was not unnecessarily prolonged in order for drug dog to arrive where drug dog arrived approximately 15 minutes after stop and officer was still writing ticket for violation when dog arrived).
The defendant next argues that suppression of the cocaine seized from his person was warranted because the officers lacked justification to conduct the patdown search. To support this claim, the defendant argues that the dog's alert on the defendant's car was insufficient, by itself, to justify a search of the defendant's *821 person. He further argues that the patdown search was improper because the record is devoid of any evidence which justified a reasonable belief that he was armed and dangerous. The State responds by arguing that the trial court's ruling should be affirmed based on the law as expressed in State v. Burns, 698 So.2d 1282 (Fla. 5th DCA 1997). We agree with the State.
In Burns, this court was presented with facts which were very similar to those presented here. The trial court granted the defendant's motion to suppress and the State appealed, arguing that the seizure of the cocaine was predicated upon a lawful pat-down search. Upon review, the Fifth District agreed with the State:
[U]nder our Stop and Frisk Law, a law enforcement officer must possess only a reasonable suspicion that the suspect is armed with a dangerous weapon in order to justify a stop and frisk. [State v. Webb, 398 So.2d 820, 824 (Fla.1981)]. The United States Supreme Court noted that reasonableness "depends' on a balance between the public interest and the individual's right to personal security free from arbitrary interference by law officers.'" Maryland v. Wilson, 519 U.S. 408, 411, 117 S.Ct. 882, 885, 137 L.Ed.2d 41 (1997)(quoting Pennsylvania v. Mimms, 434 U.S. 106, 108-109, 98 S.Ct. 330, 332, 54 L.Ed.2d 331 (1977)). While there is no bright-line rule to determine whether the scope of police conduct was reasonable, our evaluation is guided by "common sense and ordinary human experience." United States v. Melendez-Garcia, 28 F.3d 1046 (10th Cir.1994)(quoting United States v. King, 990 F.2d 1552 (10th Cir.1993)).
Here, the deputy certainly possessed a reasonable belief that the defendant was armed and posed a danger to his safety so as to warrant a pat-down search. In this regard, the police dog alerted to the presence of narcotics during the course of a valid traffic stop. This alert, coupled with the deputy's experience regarding the association of weapons and drugs, eliminated the possibility that the deputy's "interference" was arbitrary. Thus, we agree with the trial court that this was a valid pat-down search under section 901.151 and Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). In so ruling we recognize that, without the benefit of a frisk, the deputy would have been in a precarious situation because he would not have known whether the defendant was armed. We agree with the opinion expressed by the second district in King v. State, 696 So.2d 860 (Fla. 2d DCA 1997), that law enforcement officers should not be required to take such risks. Clearly, under circumstances such as these, a defendant's right to personal security free from arbitrary interference is outweighed by the public's interest in officer safety.
Id. at 1284. Applying this case law to the instant facts we conclude that the trial court properly determined that the patdown of the defendant's person following the dog's alert on the defendant's car was permissible.
Lastly, the defendant contends that suppression was warranted in this case because the scope of the instant pat-down was too broad. He claims that, since the police were aware that the object in the defendant's pants was not a firearm, they lacked the authority to seize it. This claim of error is meritless because it is based upon an invalid premise; namely, that the record demonstrates that the police were aware that the cocaine in the defendant's pants was not a gun at the time the cocaine was seized. The testimony submitted by the officers demonstrated that at the time that the cocaine was felt on the defendant's person the officers were not sure what the object was. Upon questioning from defense counsel, Officer Lemery *822 testified that there are many guns that are hard and chunky, including pager guns and roll out guns. Furthermore, once the defendant admitted to the officers that the object hidden in his waistband was cocaine, the officers possessed the legal authority to seize same as contraband. Accordingly, no improper seizure occurred in this case.
The defendant also challenges his sentence, arguing that the seven year minimum mandatory sentence imposed upon him is illegal because the authorizing legislation, the "Three Strikes Violent Felony Offender Act", section 893.135 as amended by Chapter 99-188, Laws of Florida, violates the single subject provision of Florida's Constitution. Recently, in Hersey v. State, 831 So.2d 679(Fla. 5th DCA 2002), we held that the enactment of Chapter 02-210 Laws of Florida, cured Chapter 99-188's constitutional infirmity, and that said enactment applies retroactively. Accordingly, we affirm the defendant's sentence based upon the ruling in Hersey.
Judgment and Sentence AFFIRMED.
COBB and HARRIS, JJ., concur.
NOTES
[1] See §§ 893.135; 893.03, Fla. Stat. (2000).