845 So.2d 962 (2003)
Alex Ricardo REEVES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-4808.
District Court of Appeal of Florida, Second District.
May 9, 2003.
James Marion Moorman, Public Defender, and A. Victoria Wiggins and William L. Sharwell, Assistant Public Defenders, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
KELLY, Judge.
Alex Ricardo Reeves appeals from his judgment and sentences for attempted kidnaping and aggravated battery. We find no merit in Reeves' contention that the trial court erred when it denied his motion for a judgment of acquittal on the charge of attempted kidnaping. Reeves does not challenge his conviction for aggravated battery. Accordingly, we affirm Reeves' convictions.
Reeves also challenges the trial court's denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(b) in which he claimed that the fifteen-year minimum mandatory terms imposed for his convictions were illegal under this court's decision in Taylor v. State, 818 So.2d 544 (Fla. 2d DCA), review dismissed, 821 So.2d 302 (Fla.2002); but see State v. Franklin, 836 So.2d 1112 (Fla. 3d DCA 2003). The trial court rejected Reeves' claim, ruling that legislative enactments after Taylor transformed Reeves' sentence into a legal sentence. The trial court ruled before this court issued its decision in Green v. State, 839 So.2d 748 (Fla. 2d DCA 2003). In Green, this court held that the reenacted punishments could not be applied retroactively. Accordingly, we reverse Reeves' sentences and remand for resentencing in accordance with the valid *963 laws in effect on the date of Reeves' offenses.
Reversed and remanded.
WHATLEY and DAVIS, JJ., concur.