WALLACE, Judge.
Raymond Lynn entered a plea of no contest to trafficking in cocaine and possession of marijuana after the trial court indicated it would impose the minimum mandatory sentence of three years for the trafficking offense. Lynn negotiated with the trial judge for his plea without any participation by the State; therefore, the sentence imposed is not part of a negotiated plea from which the State would have a right to withdraw if the sentence were determined to be illegal. When the trial court sentenced Lynn to the three-year minimum mandatory term, Lynn reserved his right to challenge the minimum mandatory sentence pursuant to Taylor v. State, 818 So.2d 544 (Fla. 2d DCA), review dismissed, 821 So.2d 302 (Fla.2002). Citing Taylor, Lynn subsequently filed a motion to correct a sentencing error, which was denied. Thus this issue was preserved for appeal. Lynn has challenged only the sentence imposed and has not moved to withdraw his plea. Because the sentence is illegal, under Taylor and Green v. State, 839 So.2d 748 (Fla. 2d DCA 2003), the sentence should be reversed and the case remanded for resentencing under the laws in effect on the date of Lynn’s offenses. See Reeves v. State, 845 So.2d 962 (Fla. 2d DCA 2003).
As we did in Green, we certify conflict with Carlson v. State, 27 Fla. L. Weekly D2162, 2002 WL 31202145 (Fla. 5th DCA Oct.4, 2002), Lecom v. State, 832 So.2d 818 (Fla. 5th DCA 2002), and Jones v. State, 27 Fla. L. Weekly D2377, 2002 WL 31431541 (Fla. 5th DCA Nov.1, 2002), and we note possible conflict with Nieves v. State, 833 So.2d 190 (Fla. 4th DCA 2002), and Green v. State, 832 So.2d 199 (Fla. 4th DCA 2002). We also certify conflict with State v. Franklin, 836 So.2d 1112 (Fla. 3d DCA), review granted, No. SC03-413, 854 So.2d 659 (Fla.2003), which held that chapter 99-188 does not violate the single-subject rule.
Judgment affirmed; reversed and remanded for resentencing.
ALTENBERND, C.J., and CANADY, J., Concur.