ALTENBERND, Chief Judge.
Melissa Smiley appeals a judgment for trafficking in methamphetamine and a sentence of a minimum mandatory term of seven years’ imprisonment. We affirm the conviction without further comment. We reverse the sentence and remand for re-sentencing.
Ms. Smiley was sentenced to a minimum mandatory term of seven years’ imprisonment for trafficking in methamphetamine pursuant to section 893.135(l)(f)l b, Florida Statutes (1999). While this appeal was pending, Ms. Smiley filed a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), arguing that her sentence was improper based on this court’s opinion in Taylor v. State, 818 So.2d 544 (Fla. 2d DCA), review dismissed, 821 So.2d 302 (Fla.2002).
Taylor held that chapter 99-188, Laws of Florida, which amended section 893.135(l)(f)l b to require the minimum mandatory prison term, is unconstitutional because it violated the single-subject rule of the Florida Constitution. Id. In 2002, the Florida Legislature separately reenacted the provisions originally contained in chapter 99-188 as chapters 02-208 through 02-212, Laws of Florida. See Green v. State, 839 So.2d 748, 750 (Fla. 2d DCA 2003). However, in Green, this court held that the reenacted sentencing provisions of chapter 99-188 cannot be applied retroactively because this would violate the Ex Post Facto clauses of the United States and Florida Constitutions.
Challenges to the constitutionality of chapter 99-188 may be raised when the offense occurred within the “window period” between July 1, 1999, the date chapter 99-188 became effective, and April 29, 2002, the effective date of chapters 02-208 through 02-212. Id. Because Ms. Smiley committed her offense on November 19 to 20, 1999, within the Taylor window, her sentence should not have included the seven-year minimum mandatory term.
Ms. Smiley raised this issue while her direct appeal was pending by filing a motion to correct sentence pursuant to rule 3.800(b)(2). The circuit court denied Ms. Smiley’s motion, citing Witt v. State, 387 So.2d 922 (Fla.1980) (establishing an analysis to apply in determining when changes in decisional law should be retroactively applied to provide postconviction relief). The circuit court reasoned that Ms. Smiley’s sentence was “final” on October 25, 2001, when it was entered. The circuit court thus treated the motion as one filed pursuant to rule 3.800(a), which governs postconviction motions to correct sentences.
However, Ms. Smiley’s sentence was not final on October 25, 2001, or on January 23, 2002, when this court’s opinion in Taylor was issued, because Ms. Smiley had a pending direct appeal challenging the sentence. Her motion to correct the sentence was not a postconviction motion, but a trial court motion filed during the pendency of her direct appeal to preserve the sentencing issue for review in the direct appeal. Therefore, this court’s decisions in Taylor and Green apply to Ms. Smiley’s sentence.[1]
*61 We reverse the sentence and remand for resentencing under the laws in effect on the dates of Ms. Smiley’s offense. See Reeves v. State, 845 So.2d 962 (Fla. 2d DCA 2003). As we did in Green, we certify conflict with Carlson v. State, 27 Fla. L. Weekly D2162, 2002 WL 31202145 (Fla. 5th DCA Oct.4, 2002), and Lecorn v. State, 832 So.2d 818 (Fla. 5th DCA 2002), and we note possible conflict with Nieves v. State, 833 So.2d 190 (Fla. 4th DCA 2002), and Green v. State, 832 So.2d 199 (Fla. 4th DCA 2002). We also certify conflict with State v. Franklin, 836 So.2d 1112 (Fla. 3d DCA), review granted, 854 So.2d 659 (Fla.2003) (table decision), which held that chapter 99-188 does not violate the single-subject rule.
Reversed and remanded.
SILBERMAN and WALLACE, JJ„ Concur.

. Although Witt has no application in this direct appeal, we do not decide whether the *61 Witt analysis is appropriate in postconviction cases raising the unconstitutionality of chapter 99-188 or the retroactive application of chapters 02-208 to 02-212. That issue is currently pending before this court in a series of other cases.