929 So.2d 718 (2006)
Anthony UTU, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-968.
District Court of Appeal of Florida, Fifth District.
May 26, 2006.
*719 James S. Purdy, Public Defender, and Marvin F. Clegg, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
After being convicted at trial of two counts of unlawful sexual activity with a minor, in violation of section 794.05(1), Florida Statutes (2004), Anthony Utu appeals, contending that the trial court erred in denying his motion to suppress his statement to police. We affirm.
Appellate review of a trial court's denial of a motion to suppress is generally a mixed question of law and fact. State v. Kindle, 782 So.2d 971, 973 (Fla. 5th DCA 2001). The trial court's factual findings are reviewed to determine if they are supported by competent, substantial evidence. Young v. State, 803 So.2d 880, 882 (Fla. 5th DCA 2002). The trial court's application of the law to the facts is reviewed de novo. Connor v. State, 803 So.2d 598, 608 (Fla.2001). "A trial court's ruling on a motion to suppress comes to the appellate court clothed with a presumption of correctness and the court must interpret the evidence and reasonable inferences and deductions derived therefrom in a manner most favorable to sustaining the trial court's ruling." Doorbal v. State, 837 So.2d 940, 952 (Fla.2003) (quoting Terry v. State, 668 So.2d 954, 958 (Fla.1996)).
On appeal, Utu argues that his confession should have been suppressed because he was not Mirandized,[1] and his statement was induced by the investigator's promise that he would not be arrested. Having reviewed the record thoroughly, we find competent, substantial evidence to support the trial court's conclusion that Utu's interrogation was non-custodial and that his statement was not induced by any promises made by the investigator. Accordingly, Utu's convictions are affirmed.
AFFIRMED.
GRIFFIN, THOMPSON and ORFINGER, JJ., concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).