MONACO, J.
Carlos R. Ramos seeks review of the order of the trial court denying his motion to suppress evidence; more particularly, a quantity of cocaine that was found in the vehicle he was driving. Because there was competent, substantial evidence to support the trial court’s denial of the motion to suppress, we affirm the judgment and sentence for possession of cocaine.
While Mr. Ramos agrees that the traffic stop that resulted in the search of the vehicle was lawful, and that he did, in fact, consent to the search, he asserts that his consent was not freely and voluntarily given. After hearing the testimony of the arresting officer and of Mr. Ramos, however, the trial court found that the consent at issue was voluntary. Mr. Ramos then pled nolo contendere to possession of cocaine, while properly preserving his right to appeal this issue.
A trial court’s ruling on a motion to suppress comes to an appellate court clothed with a presumption of correctness. A reviewing court must, therefore, interpret the evidence and all reasonable inferences derived from it in the manner most favorable to sustaining the trial court’s ruling. See Doorbal v. State, 837 So.2d 940, 952 (Fla.), cert. denied, 539 U.S. 962, 123 S.Ct. 2647, 156 L.Ed.2d 663 (2003); Pagan v. State, 830 So.2d 792 (Fla.2002), cert. denied, 539 U.S. 919, 123 S.Ct. 2278, 156 L.Ed.2d 137 (2003); San Martin v. State, 717 So.2d 462, 468 (Fla.1998), cert. denied, 526 U.S. 1071, 119 S.Ct. 1468, 143 L.Ed.2d 553 (1999). The standard of review to be applied to factual findings of the trial court is whether competent, substantial evidence supports the findings; however, the trial court’s application of the law to the facts is reviewed de novo. See Utu v. State, 929 So.2d 718 (Fla. 5th DCA 2006); Houston v. State, 925 So.2d 404 (Fla. 5th DCA 2006), review denied, 935 So.2d 1220 (Fla.2006); Dewberry v. State, 905 So.2d 963 (Fla. 5th DCA 2005); Lecorn v. State, 832 So.2d 818 (Fla. 5th DCA 2002); Young v. State, 803 So.2d 880 (Fla. 5th DCA 2002); State v. Kindle, 782 So.2d 971 (Fla. 5th DCA 2001); Hines v. State, 737 So.2d 1182 (Fla. 1st DCA 1999); see also McMaster v. State, 780 So.2d 1026 (Fla. 5th DCA 2001).
Here, the trial court believed the arresting officer’s version of the facts. As there was competent, substantial evidence supporting the court’s findings, and as we find no misapplication of the law to the facts, we affirm.
AFFIRMED.
PLEUS, C.J. and ORFINGER, J., concur.