976 So.2d 1163 (2008)
Gregory BEVARD, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-733.
District Court of Appeal of Florida, Fifth District.
March 14, 2008.
James S. Purdy, Public Defender, and Meghan Ann Collins, Assistant Public Defender, Daytona Beach, for Appellant.
*1164 Bill McCollum, Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
MONACO, J.
The appellant, Gregory Bevard, was charged with a sexual battery upon his niece, a person less than 12 years of age, in violation of section 794.011(2), Florida Statutes (2004), and with a lewd or lascivious offense committed upon the same child, a person less than 16 years of age, in violation of section 800.04(5), Florida Statutes (2004). A jury found him guilty of a simple battery, a lesser included offense of the first charge, and guilty as charged with respect to the second count. In this appeal Mr. Bevard raises four points. While we find no error and affirm the judgment and sentence in all respects, one point deserves some exploration.
After the parents of the victim discovered what Mr. Bevard was purportedly doing to their daughter, they contacted the police. Although the law enforcement authorities attempted to question Mr. Bevard both here and in Virginia, where he had traveled when the parents discovered his questionable behavior, Mr. Bevard declined to be interviewed and referred the authorities to his lawyer. Mr. Bevard eventually returned to Florida, at which point the Seminole County Sheriff's Office suggested to the mother of the victim that she confront Mr. Bevard about the allegations while she was wearing a sound transmission device. She agreed.
The mother went to Mr. Bevard's home and knocked. When he answered the door, he appeared to be happy to see her and evidently invited her inside. The trial court found in accordance with Mr. Bevard's testimony that Mr. Bevard and the mother of the victim enjoyed a close family relationship before the question of his behavior with his niece arose. Once inside, the victim's mother aggressively interrogated him for about one hour and forty-five minutes. She made a number of threats at the beginning of the conversation, including telling him that she would not leave until he talked to her, and threatened to tell his neighbors that he was a pedophile. He initially denied any improprieties. At the end of the conversation, however, he confessed to some improper acts, while continuing to deny others.
At the suppression hearing Mr. Bevard admitted that he was not physically threatened by the mother, and that he made no attempt to remove her or have her removed from his home. He asserted that he gave the incriminating statements because he was tired and wanted to go to bed, and not because he felt threatened. Finally, when asked by the State at the suppression hearing if he had had a "free exchange" with the victim's mother, he acknowledged that he did. The trial court found that the statements were voluntary and allowed them into evidence. Mr. Bevard contends that the State failed to establish by a preponderance of the evidence that his statements were voluntary, and that the trial court, therefore, erred when it received them in evidence.
A challenged motion to suppress often presents mixed questions of law and fact for the consideration of a reviewing court. McMaster v. State, 780 So.2d 1026, 1028 (Fla. 5th DCA 2001) (citing Lester v. State, 754 So.2d 746 (Fla. 1st DCA 2000)). Findings of fact made by the trial court in resolving the motion are subject to the substantial competent evidence standard. Ikner v. State, 756 So.2d 1116, 1118 (Fla. 1st DCA 2000). The application of the law by the trial court, however, is reviewed in accordance with the de novo standard. McMaster, 780 So.2d at 1028; State v. Ramos, 755 So.2d 836 (Fla. 5th DCA 2000). Significantly, a trial court's ruling *1165 in this regard is entitled to a presumption of correctness, and the evidence and reasonable inferences drawn from it must, therefore, be interpreted in a manner most favorable to sustaining the ruling. See Connor v. State, 803 So.2d 598, 605 (Fla. 2001), cert. denied, 535 U.S. 1103, 122 S.Ct. 2308, 152 L.Ed.2d 1063 (2002); Murray v. State, 692 So.2d 157, 159 (Fla.1997).
Mr. Bevard contends that the State failed to establish that the statements he made to the mother of the victim were voluntary. Recognizing that he had not yet been arrested or charged with any crime, and was not in custody at the time of the interrogation, he does not argue on this appeal that either his Sixth Amendment right to counsel or his Fifth Amendment right to the warnings required by Miranda were violated. See State v. Russell, 814 So.2d 483 (Fla. 5th DCA 2002). Rather, he asserts that even though he was not in custody, because the interrogation was conducted by a state agent, the State had the burden of establishing by a preponderance of the evidence that his statements were voluntary. Jorgenson v. State, 714 So.2d 423, 426 (Fla.1998); Roman v. State, 475 So.2d 1228, 1232 (Fla. 1985), cert. denied, 475 U.S. 1090, 106 S.Ct. 1480, 89 L.Ed.2d 734 (1986). While we agree with this proposition of law, when we apply the presumption of correctness to the finding by the trial court that the statements were made voluntarily, we conclude that there was no error in their admission.
Of primary importance in determining the voluntariness of a confession is whether the defendant's free will has been overcome. Black v. State, 630 So.2d 609, 614-15 (Fla. 1st DCA 1993), review denied, 639 So.2d 976 (Fla.1994); State v. Crosby, 599 So.2d 138, 140 (Fla. 5th DCA 1992). Here, while the mother of the victim did some yelling and cursing, and threatened to tell anyone who asked that Mr. Bevard was a pedophile, it is likewise clear that Mr. Bevard invited her into his residence, and made little effort to get her to leave. Moreover, Mr. Bevard, who was not then in custody, did not make his incriminating statements until the end of the interview, well after any harassment was essentially completed. In addition, he testified that he made the comments in question to get rid of her so that he could go to sleep, and not because he was intimidated. Finally, Mr. Bevard only admitted some of the allegations, while steadfastly denying the remainder. As there was substantial competent evidence to support the determination of voluntariness, we cannot say that the trial court abused its discretion. Accordingly, we affirm the judgment and sentence.
AFFIRMED.
ORFINGER and TORPY, JJ., concur.