987 So.2d 204 (2008)
Nicklaus Jarryd PRITCHARD, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-2607.
District Court of Appeal of Florida, Fifth District.
July 25, 2008.
*205 James S. Purdy, Public Defender, and Rose M. Levering, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and L. Charlene Matthews, Assistant Attorney General, Daytona Beach, for Appellee.
MONACO, J.
The appellant, Nicklaus Jarryd Pritchard, seeks review of his judgment and sentence that was imposed on a number of drug related charges, positing that the trial court abused its discretion by denying his motion to suppress evidence.[1] We disagree and affirm.
A trial court's ruling on a motion to suppress is clothed with a presumption of correctness, and a reviewing court must interpret the evidence and reasonable inferences and deductions that may be drawn from it in the manner most favorable to sustaining the ruling. See Doorbal v. State, 837 So.2d 940, 952 (Fla.), cert. denied, 539 U.S. 962, 123 S.Ct. 2647, 156 L.Ed.2d 663 (2003); Pagan v. State, 830 So.2d 792 (Fla.2002), cert. denied, 539 U.S. 919, 123 S.Ct. 2278, 156 L.Ed.2d 137 (2003); San Martin v. State, 717 So.2d 462, 468 (Fla.1998), cert. denied, 526 U.S. 1071, 119 S.Ct. 1468, 143 L.Ed.2d 553 (1999); Davis v. State, 922 So.2d 438, 443 (Fla. 5th DCA 2006). While the test to be applied to factual findings of the trial court in this regard is whether competent, substantial evidence supports those findings, the trial court's application of the law to the facts is reviewed de novo. See Utu v. State, 929 So.2d 718 (Fla. 5th DCA 2006); Houston v. State, 925 So.2d 404 (Fla. 5th DCA), review denied, 935 So.2d 1220 (Fla. 2006).
In the present case the State presented testimony to the effect that Mr. Pritchard consented to the search. Mr. Pritchard disagreed, and raised a number of other issues connected to the seizure of the drugs that formed the basis of the charges. As the warrantless search in question was, however, not preceded by any police misconduct, the State was only required to prove by a preponderance of evidence that Mr. Pritchard's consent was voluntarily given. See Hicks v. State, 852 So.2d 954, 960 (Fla. 5th DCA 2003). When determining whether such consent is freely and voluntarily given, we are required to consider the totality of circumstances surrounding the events at the time that the purported consent was obtained. Id.
In the present case the trial judge made credibility assessments at the suppression hearing that were not favorable to Mr. Pritchard's position with respect to either the search or the seizure. Absent unusual conditions and occurrences, an appellate court will ordinarily defer to these assessments. See Taylor v. State, 937 So.2d 590, 599 (Fla.2006). The trial court is in a far superior position to judge credibility based *206 on its capacity to observe the bearing and demeanor of the witnesses. Id. As a consequence, the specific circumstances surrounding the search of Mr. Pritchard's residence, when measured in light of the credibility assessments made by the trial court, compel us to conclude that the search was validly conducted. Accordingly, we affirm.
AFFIRMED.
GRIFFIN and ORFINGER, JJ., concur.
NOTES
[1] Mr. Pritchard pled nolo contendere to the charges after the trial court agreed that the suppression issue was dispositive.