MONACO, C.J.
 

 The State appeals the trial court’s granting of a motion to suppress illicit drugs and a firearm that were found in a vehicle after a traffic stop. Because the evidence does not support the trial court’s factual findings, we reverse.
 

 
 *785
 
 The facts testified to at the suppression hearing are generally agreed. A law enforcement officer, working in the early morning hours as part of a tactical anti-crime unit, checked the tag on a vehicle that he saw being operated in Orange County. He discovered electronically that the registered owner of the vehicle was a black male born in 1969, whose driver’s license had been suspended. No photo identification was sent to the officer, however. As the driver appeared to the officer to be a black male in his late thirties, the officer pulled over the vehicle.
 

 According to the report of the officer (which was accurately mirrored in the testimony), after the vehicle stopped the following next transpired:
 

 I asked the driver to exit the vehicle with his license and to walk back to my car. The driver, a black male, later identified as Richard L. Bailey produced his license. I noticed that as I was making contact with the driver, [Deputy Sheriff] Riley was walking over to us. As the driver produced his license, I asked the driver if there was anything illegal in the vehicle, he said “no.” I then asked him if I could search his vehicle for any weapons, drugs or anything illegal. He told me “no.” I then asked DS Riley to deploy his drug dog. While DS Riley walked his dog around the vehicle, I checked Bailey’s driver’s license. DS Riley told me that his dog had alerted on the driver’s side door of the vehicle. As I approached the driver’s side door, I noticed in plain view, a clear plastic baggie with a w'hite powder laying on top of the driver’s seat. Based on my training and numerous drug arrests, I identified the substance to be suspected powder cocaine. I then checked the center console of the vehicle and noticed a can of engine degreaser. I picked the can [up] and noticed that the can had a false bottom. In the can, I could see several clear plastic baggies containing a white substance. I again identified the substance to be suspected cocaine. Under the can of engine rle-greaser I found a loaded black semiautomatic handgun.
 

 The appellant, Michael L. Reaves, was a passenger sitting in the front seat of the car. After being
 
 Mirandized,
 
 Mr. Reaves admitted that the drugs were his and that he kept the handgun for personal protection.
 

 Mr. Reaves filed a motion to suppress all evidence and statements, claiming that the stop of the vehicle was unconstitutionally prolonged and not based on any reasonable suspicion of criminal activity once it had been determined that the driver had a valid driver’s license.
 

 The testimony at the suppression hearing was relatively clear that Deputy Riley, who had been working the same area on patrol, pulled in behind the stopped vehicle for backup pui'poses. Mr. Reaves testified that it might have been 10 to 20 minutes later that the dog arrived. Nevertheless, at the time that the driver was producing his license and indicating that he did not want to authorize a search of the vehicle, the arresting officer asked Officer Riley to have his dog sweep the automobile. While the arresting officer was attempting to determine whether the person he had detained was the owner of the vehicle, Deputy Riley’s dog alerted on the driver’s side.
 

 At the conclusion of the suppression hearing although the trial court found that the stop was valid, the checking of the license was authorized, and the officer was telling the truth, it decided to grant the suppression motion. The comments of the trial court indicate that it misunderstood the testimony to be that the K-9 sweep occurred
 
 after
 
 the completion of the license investigation, thus suggesting that the offi
 
 *786
 
 cer unnecessarily detained the driver without a basis for doing so. There does not appear to be evidentiary support for the trial court’s ruling in this respect.
 

 A trial court’s ruling on a motion to suppress comes to an appellate court clothed with a presumption of correctness, and a reviewing court must interpret the evidence and reasonable inferences and deductions derived from the evidence in a manner most favorable to sustain a trial court’s ruling.
 
 See Doorbal v. State,
 
 837 So.2d 940, 952 (Fla.),
 
 cert. denied,
 
 539 U.S. 962, 123 S.Ct. 2647, 156 L.Ed.2d 663 (2003);
 
 Pagan v. State,
 
 830 So.2d 792 (Fla.2002), ce
 
 rt. denied,
 
 539 U.S. 919, 123 S.Ct. 2278, 156 L.Ed.2d 137 (2003);
 
 San Martin v. State,
 
 717 So.2d 462, 468 (Fla.1998),
 
 cert. denied,
 
 526 U.S. 1071, 119 S.Ct. 1468, 143 L.Ed.2d 553 (1999);
 
 Davis v. State,
 
 922 So.2d 438, 443 (Fla. 5th DCA 2006). While the standard of review to be applied to factual findings of the court is whether competent, substantial evidence supports the findings, the trial court’s application of the law to the facts is reviewed
 
 de novo. See Bevard v. State,
 
 976 So.2d 1163 (Fla. 5th DCA 2008);
 
 Utu v. State,
 
 929 So.2d 718 (Fla. 5th DCA 2006);
 
 Houston v. State,
 
 925 So.2d 404 (Fla. 5th DCA),
 
 review denied,
 
 935 So.2d 1220 (Fla.2006);
 
 Dewberry v. State,
 
 905 So.2d 963 (Fla. 5th DCA 2005);
 
 Young v. State,
 
 803 So.2d 880 (Fla. 5th DCA 2002);
 
 State v. Kindle,
 
 782 So.2d 971 (Fla. 5th DCA 2001);
 
 McMaster v. State,
 
 780 So.2d 1026, 1027 (Fla. 5th DCA 2001);
 
 Hines v. State,
 
 737 So.2d 1182 (Fla. 1st DCA 1999).
 

 In the present case the evidence does not support the trial court’s factual findings. The trial court incorrectly recalled the arresting officer’s testimony. The testimony is clear that the officer asked for a K-9 sweep after obtaining the license but before making any determination about the validity of the driver’s license. Indeed Mr. Reaves concedes that the police report and the testimony support the chronology advanced by the State, but argues that the “detention was impermissibly prolonged and the driver and the Appellee should have been allowed to leave before the K-9 unit was able to sweep the car.” This position is based on the idea that the arresting officer knew from looking at the driver’s license that the driver was not the owner of the vehicle. This, of course, ignores the fact that the ongoing license check was part of the valid investigatory stop or detention.
 

 Because there was no competent evidence to support the trial court’s findings of fact, the order granting the motion to suppress was erroneous. As the trial court specifically indicated that the ruling was based on its recollection of the order of events, and as the judge’s recollection was faulty, we reverse and i'emand for further proceedings.
 

 REVERSED and REMANDED.
 

 GRIFFIN and ORFINGER, JJ., concur.